IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON ROBERTS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-062-N-BK |
| | § | |
| KROGER TEXAS L.P., *ET AL.*, | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 10, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is *Defendants' Motion to Dismiss for Failure to Prosecute and Brief in Support*. Doc. 14. As detailed herein, this motion should be **GRANTED IN PART**.

**I. BACKGROUND**

Plaintiff alleges that on or about October 16, 2021, he was injured by a fall at a Kroger store. Doc. 1-2 at 12-13. On November 7, 2022, Plaintiff filed this personal injury action in state court, Doc. 1-2, *passim*, which Defendants removed to this Court based on diversity jurisdiction. Doc. 1. After the parties filed a *Joint Status Report*, Doc. 4, the Court entered a *Scheduling Order* on February 3, 2023, setting pretrial deadlines and a trial date. Doc. 6 at 1-2. Thereafter, on May 1, 2023, the Court granted Plaintiff's attorneys' motion to withdraw. Doc. 8; Doc. 9. Since then, no other counsel has entered an appearance for Plaintiff, who is proceeding *pro se*.

On May 2, 2023, the Court ordered Plaintiff to register for electronic service via the Court's CM/EMF system, as required by Local Civil Rule 5.1(f), and admonished him that if he did not comply, his case would be dismissed. Doc. 11. On June 5, 2023, after Plaintiff did not comply, the Court extended the deadline *sua sponte*, ordering Plaintiff to register for the CM/EMF system by June 19, 2023, and again admonishing that failure to do so could result in the dismissal of this case. Doc. 13. Nevertheless, as of this recommendation, Plaintiff has failed to comply.

In the interim, on or about May 11, 2023, Defendants served Plaintiff with written discovery requests via both First-Class Mail and Certified Mail, return receipt requested. Doc. 14 at 2. The postal service returned the certified mail to Defendants since it lacked a forwarding address and Plaintiff failed to claim it. Doc. 14 at 2, 7. However, despite presumably receiving the discovery requests by First-Class Mail, Plaintiff failed to respond, request an extension to respond, or provide a new address for service. Doc. 14 at 2. On June 26, 2023, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). Doc. 14. To date, Plaintiff has not filed a response to Defendants' motion, and the deadline for timely doing so has passed. *See* N.D. Tex. L. Civ. R. 7.1(e) ("A response and brief to an *opposed* motion must be filed within 21 days from the date the motion is filed.") (emphasis added).

**II. APPLICABLE LAW**

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The rule further provides that "[u]nless the dismissal order states otherwise," a Rule 41(b) dismissal "operates as an adjudication on the merits." FED. R. CIV. P. 41(b). This authority stems from the "court's inherent power to control its docket and prevent

undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).  Moreover, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

      While the decision to dismiss under Rule 41(b) is left to the district court's discretion, the choice to dismiss with prejudice has been limited to a narrow set of circumstances.  *See Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 407 (5th Cir. 2008) (per curiam) (finding that a dismissal with prejudice is "typically reserved for the most flagrant abuses" and the district court's discretion is more closely managed under Rule 41(b) than in other contexts because "this sanction forever deprives the litigant of the opportunity to pursue [his] claim.").  A court should generally not dismiss an action with prejudice "where a plaintiff has failed only to comply with a few court orders or rules."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992) (citations omitted).  Essentially, dismissal with prejudice is appropriate only in "cases where the plaintiff's conduct has threatened the integrity of the judicial process, . . . leaving the court no choice but to deny the plaintiff its benefits."  *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).

    **III. ANALYSIS**

      Upon review, the Court finds that dismissal is appropriate here, since Plaintiff has impliedly refused or declined to comply with Court directives, including those set forth in the *Scheduling Order* and various electronic orders, and failed to (1) respond to Defendants' discovery requests; (2) update his address; (3) timely register for the Court's electronic filing system (despite the Court's explicit warnings of dismissal for noncompliance); and (4) timely respond to Defendants' motion to dismiss.  However, taking into account that Plaintiff was

represented by counsel at the inception and early stages of this lawsuit, and the relative infancy of the case, the Court further finds that dismissal without prejudice is appropriate.[1]

### IV. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Dismiss for Failure to Prosecute and Brief in Support*, Doc. 14, should be **GRANTED IN PART**, and this case should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and want of prosecution.

**SO RECOMMENDED** on August 14, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] Based on the allegations in the complaint, dismissal without prejudice will not operate as a dismissal with prejudice since the limitations period for Plaintiff's claims does not run until October 16, 2023. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (parties have two years to bring a personal injury claim).